UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS TOMAYO and GLORIA AQUINO,<br><br>Plaintiffs,<br><br>v.<br><br>GORDON TRUCKING, INC., et al.,<br><br>Defendants. | No.  2:13-cv-1652 TLN DAD PS<br><br><br>ORDER |

Plaintiffs Jesus Tomayo and Gloria Aquino are currently proceeding pro se in this action. Accordingly, the case has been referred to the undersigned pursuant to Local Rule 302(c)(21).

On January 31, 2014, the court issued an order setting a Status (Pretrial Scheduling) Conference before the undersigned on March 28, 2014.  (Dkt. No. 19.)  Pursuant to that order, plaintiffs were to file and serve a written status report on or before March 14, 2014.  The order also advised plaintiffs that:

> failure to file a timely status report, or failure to appear at the status conference either in person or telephonically, may result in an order imposing an appropriate sanction.  See Local Rules 110 and 183.

(Id. at 2.)

/////

/////

1

Nonetheless, plaintiffs failed to file a timely status report and failed to appear at the March 28, 2014 Status (Pretrial Scheduling) Conference. However, the day before the March 28, 2014 Status (Pretrial Scheduling) Conference, plaintiffs filed a letter with the court advising that they had "not obtained new counsel," had been "attempting to do so, but so far have been unsuccessful," and that without the representation of counsel plaintiffs had "no idea how to respond" to the order setting the March 28, 2014 Status (Pretrial Scheduling) Conference. (Dkt. No. 21 at 1.) Accordingly, plaintiffs requested an additional 45 days to "obtain new counsel." (Id.)

However, plaintiffs' counsel first moved to withdraw as their attorney on October 9, 2013, (Dkt. No. 11), counsel was granted leave to withdraw by assigned District Judge on December 10, 2013, (Dkt. No. 17), and the court's order setting the March 28, 2014 Status (Pretrial Scheduling) Conference was issued on January 31, 2014. (Dkt. No. 19.) In this regard, plaintiffs have known that they would need to obtain new counsel for almost six months and were aware of the March 28, 2014 Status (Pretrial Scheduling) Conference for almost two months. Yet plaintiffs have failed to obtain new counsel, failed to timely respond to the court's January 31, 2014 order, and now seek to delay this action an additional 45 days to continue their search for new counsel, a search that so far has been unsuccessful.

In light of plaintiffs' failure to file a status report and failure to appear at the Status (Pretrial Scheduling) Conferences grounds clearly exist for recommending to the assigned District Judge that this action be dismissed without prejudice for failure to prosecute and for failure to comply with court orders. Nonetheless, out of an abundance of caution and in light of plaintiffs' pro se status, the court will instead issue this order to show cause.

/////
/////
/////
/////
/////
/////

Accordingly, the court HEREBY ORDERS that plaintiffs show cause in writing within thirty days of the date of this order as to why this case should not be dismissed for lack of prosecution.[1]  Failure to timely file the required writing will result in a recommendation that the case be dismissed.

Dated:  March 28, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\tomayo1652.osc.docx

---

[1] Alternatively, plaintiffs may comply with this order by filing a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.