UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS TOMAYO and GLORIA AQUINO,<br><br>    Plaintiffs,<br><br>    v.<br><br>GORDON TRUCKING, INC., et al.,<br><br>    Defendants. | No.  2:13-cv-1652 TLN DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Jesus Tomayo and Gloria Aquino are currently proceeding pro se in this action. Accordingly, the case has been referred to the undersigned pursuant to Local Rule 302(c)(21).

On January 31, 2014, the court issued an order setting a Status (Pretrial Scheduling) Conference for March 28, 2014.  (Dkt. No. 19.)  Pursuant to that order, plaintiffs were to file and serve a written status report on or before March 14, 2014.  The order setting the status conference also advised plaintiffs that:

> failure to file a timely status report, or failure to appear at the status conference either in person or telephonically, may result in an order imposing an appropriate sanction.  See Local Rules 110 and 183.

(Id. at 2.)

/////

/////

1

Nonetheless, plaintiffs failed to file a timely status report and failed to appear at the March 28, 2014 Status (Pretrial Scheduling) Conference. However, the day before the March 28, 2014 Status (Pretrial Scheduling) Conference, plaintiffs filed a letter with the court advising that they had "not obtained new counsel," had been "attempting to do so, but so far have been unsuccessful," and that without representation they had "no idea how to respond" to the order setting the status conference. (Dkt. No. 21 at 1.) Plaintiffs therefore requested an additional 45 days to "obtain new counsel." (Id.)

However, the court notes the following: plaintiffs' counsel first moved to withdraw as their attorney of record back on October 9, 2013, (Dkt. No. 11); their counsel of record was granted leave to withdraw as their attorney by the assigned District Judge back on December 10, 2013, (Dkt. No. 17); and this court's order setting the March 28, 2014 Status (Pretrial Scheduling) Conference was issued on January 31, 2014. (Dkt. No. 19.) Accordingly, it is clear that plaintiffs have known that they would need to obtain new counsel or proceed on their own behalf in this action for almost six months and that they were aware of the March 28, 2014 Status (Pretrial Scheduling) Conference for almost two months. Nonetheless, plaintiffs failed to obtain new counsel, failed to timely respond to the court's January 31, 2014 order, and sought to delay this action an additional 45 days to continue their search for new counsel, a search that so far had been unsuccessful.

Accordingly, on March 28, 2014, the undersigned issued an order to show cause requiring plaintiffs to state in writing within thirty days as to why this action should not be dismissed due to their lack of prosecution. (Dkt. No. 24.) Plaintiffs were cautioned that failure to file a written response to that order would result in the undersigned recommending that this matter be dismissed. (Id.) Nonetheless, the time for plaintiffs to respond to that order to show cause has expired and plaintiffs have not responded to the court's order in any way.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

2

disposition on the merits; and (5) the availability of less drastic sanctions. <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 398 (9th Cir. 1998); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992); <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. <u>Hernandez</u>, 138 F.3d at 398; <u>Ferdik</u>, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. <u>Id.</u>

Here, plaintiffs failed to file a status report and failed to appear at the Status Conference. The court issued an order to show cause that provided plaintiffs with an opportunity to show good cause for their failure to comply with the court's order setting the Status Conference and their failure to appear at the Status Conference. Nonetheless, plaintiffs failed to respond to that order in any way. The order to show cause warned plaintiffs that failure to file a written response to that order would result in a recommendation that this matter be dismissed.

Plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiffs' failure to prosecute as well as failure to comply with the court's orders. <u>See</u> FED. R. CIV. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

1  These findings and recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)
3  days after being served with these findings and recommendations, plaintiffs may file written
4  objections with the court.  A document containing objections should be titled "Objections to
5  Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file
6  objections within the specified time may, under certain circumstances, waive the right to appeal
7  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8  Dated:  May 13, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\tomayo1652.dlop.f&rs.docx